# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**VANTICE LEE BESHEARS, JR.,**

    Plaintiff,

v.                               Case No: 5:19-cv-439-Oc-02PRL

**GEO GROUP, INC., et al.,**

    Defendants.

## ORDER DISMISSING CASE

Plaintiff, a pre-trial detainee at the Marion County Jail, initiated this case by filing a pro se civil rights Complaint and a motion for leave to proceed as a pauper. (Docs. 1 and 2). On September 24, 2019, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases (nine total), as required on the complaint form. (Doc. 7). Plaintiff has filed a response. (Doc. 9).

Plaintiff executed the civil rights complaint form under the penalty of perjury. (Doc. 1 at 9). That form requires prisoners to disclose information regarding previous lawsuits initiated by them. Specifically, it required Plaintiff to disclose whether he had "initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted," and to disclose all other lawsuits he filed in state or federal court dealing with the same or similar facts involved in this action, and other lawsuits he filed

relating to his imprisonment or conditions thereof. It also required Plaintiff to disclose information about each lawsuit filed. Plaintiff wrote that he had "prior litigation USDC DC of IL and Indiana." (Doc. 1 at 3).

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources. In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011).[1]

In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id.* The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

*Id.* The failure to exercise candor in completing the form impedes the Court in managing its caseload and merits the sanction of dismissal. *See id.*; *Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (finding that "the district court was entitled to dismiss [plaintiff's] complaint based on his failure to fully disclose his litigation history," and noting that the district court reasoned that requiring prisoners to disclose prior lawsuits is important to enable courts to apply the "three strike rule" and dispose of successive cases that relitigate old matters).

In his response to the Order to Show Cause (Doc. 9), Plaintiff states that the cases listed by the Court "have nothing to do with 'this' case and apparantly [sic] were not dismissed as frivolous, malicious nor failure to state a claim and therefore do not apply to the question(s) on the 'form'." Plaintiff claims that he was not required to list any of his recently filed cases because they had not been dismissed. *Id*. That is not a credible response.

Plaintiff has failed to truthfully disclose his prior cases as required by the plain language instructions of the form and has failed to come forward with any persuasive

reason to excuse his lack of candor. The Court finds that Plaintiff's failure to fully disclose his previous lawsuits, under penalty of perjury, constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). An appropriate sanction for such abuse of the judicial process is the dismissal of the Complaint. *Id*.

Accordingly, this case is hereby **DISMISSED without prejudice**. Such dismissal counts as a "strike" for the purposes of the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g).[2] The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on November 14, 2019.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Petitioner, pro se

---

[2] It appears that Plaintiff already has four "strikes": *Beshears v. Merrit, et al.*, Case No. 2:10-cv-2152-HAB-DGB (C.D. Ill. Jan. 24, 2011) (dismissing for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)); *Beshears v. Marion Cty. BOCC, et al.*, Case No. 5:19-cv-329-Oc-02PRL (M.D. Fla. Sep. 11, 2019) (dismissing for abuse of judicial process pursuant to 28 U.S.C. § 1915(g)); *Beshears v. State of Florida, et al.*, 5:19-cv-463-Oc-34PRL (Md. Fla. Oct. 3, 2019) (dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B)); and *Beshears v. Guinn, et al.*, Case No. 5:19-cv-359-Oc-02PRL (M.D. Fla. Nov. 8, 2019) (dismissing for abuse of judicial process pursuant to 28 U.S.C. § 1915(g)).